GENOVA & MALIN
Attorneys for Debtors
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Thomas Genova, Esq. (TG4706)
Andrea B. Malin, Esq. (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------x
IN RE:

KEVIN WILLIAMS and
LINDA WILLIAMS,

CHAPTER 11
CASE NO. 08-35495(CGM)

      Debtors.
-------------------------------------------------------x

### FINAL FEE APPLICATION OF GENOVA & MALIN AS COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

**TO HONORABLE CECELIA G. MORRIS, UNITED STATES BANKRUPTCY JUDGE:**

The application of GENOVA & MALIN, attorneys for the Debtors, respectfully represent:

### GENERAL BACKGROUND

1. This application is made for payment of attorneys fees and reimbursement of expenses in accordance with 11 U.S.C. §331.

2. On March 17, 2008, the debtors filed a joint voluntary petition under Chapter 13 of the United States Bankruptcy Code.

3. On September 15, 2008 this Court entered an Order converting the case to a case under Chapter 11 of the Code.

4. At the time of the filing, the debtors owned several parcels of real property known as:

a. Residence located at 36 Westwood Avenue, Ellenville, NY;

b. Mobil home park located at 5195 NYS Route 52, Ellenville, NY;

c. Commercial building located at 3-5 Clinton Avenue, Ellenville, NY;

d. Two (2) vacant lots at Westwood Avenue, Ellenville, NY; and

e. Vacant land located at 159 Cobb Road, Lee, Maine.

## APPLICATION FOR FEES

5. This application is made by GENOVA & MALIN, for an allowance of compensation for professional services rendered to and on behalf of the debtor during the period beginning March 17, 2008 through August 31, 2009, for reimbursement of actual and necessary costs and expenses incurred in connection with the rendition of such services and for professional services.

6. Your applicant has acted as legal counsel pursuant to an Order of this Court to the debtors and has performed all of the necessary professional legal services necessary in connection therewith. GENOVA & MALIN regularly maintains records of time expended in the rendition of such services and the costs and expenses incurred. The entries in such records were made in the ordinary course of GENOVA & MALIN's business, concurrently with the rendition of such services and the incurring of such costs and expenses. GENOVA & MALIN also maintains records which describe the services rendered by each attorney involved in this matter. Copies of these records are annexed hereto as Exhibit "A". Some of the areas in which your applicant has rendered professional legal services to and on behalf of the debtor are set forth in the following summary.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

A. INVESTIGATION INTO THE FINANCIAL CONDITION OF THE DEBTORS

7. Practically from the outset of this Chapter 11 proceeding, your applicant has been intimately involved in an effort to bring about a reasonable recovery for creditors of the debtors. In

the initial phase of the Chapter 11 proceeding, your applicant commenced an investigation into the financial condition of the debtors and was called upon to advise the debtors as to the requirements of the Bankruptcy Code and the administration of a Chapter 11 case.

B. <u>Intangible Factors:</u>

8. An examination of the record of this case will indicate that many of the procedures were accomplished with a minimum of litigation and intervention by the Court. It is respectfully submitted that the efforts of your Applicant in private discussions and meeting played a significant role in the results obtained. Relationships forged by your Applicant in previous matters, over the course of many years, together with the patient handling of many problems that never developed into Court proceedings ought to be noted in the consideration of how this case reached its present status. There were many times in the history of this case where confrontations and hostile actions were avoided through quiet discussion and negotiation.

9. Finally, it should be noted that this case involved the examination, analysis, reading, and proofreading of countless documents during each of the phases of this case.

10. The many facets of this case have consumed a considerable amount of your Applicant's time, and that of its office staff. This Application for final allowance of compensation details those services that have been performed by your Applicant as of the date of this Application. In making this Application, your applicant has endeavored to keep it in summary and concise form.

**A. 506 MOTION TO AVOID THE SECOND MORTGAGE AGAINST RESIDENCE**

11. Counsel for the debtor filed a Motion pursuant to 11 U.S.C. Sections 506(a) and 506(d) for the purpose of voiding the second mortgage held against the debtors' residence. (See this Court's Docket).

12. Due to the efforts of the firm performed on behalf of the debtors, counsel was able to obtain the entry of an Order Voiding debtors' second mortgage with limited litigating and motion practices.

### B. 362 MOTION AND CASH COLLATERAL STIPULATION

13. The debtors' own real property located at 5195 NYS Route 52, Ellenville, NY (the mobile home park). The mobile home park is encumbered by a mortgage held by Catskill Bank in the approximate sum of TWO HUNDRED NINETY THOUSAND DOLLARS ($290,000.00).

14. Catskill filed a motion seeking relief from the stay alleging that the debtors were not current with monthly mortgage payments and were engaging in the impermissible use of cash collateral (to wit: the rent) without the consent of the lender.

15. Without the need to engage in lengthy litigation, counsel was able to resolve the motion on terms favorable to the debtors.

### C. MOTION TO ABANDON PROPERTY

16. On May 12, 2009, the debtors filed a motion to Abandon Property relating to the following lots:

    a. Residence located at 36 Westwood Avenue, Ellenville, NY;

    b. Two (2) vacant lots on Westwood Avenue, Ellenville, NY;

    c. Commercial building located at 3-5Clinto Avenue, Ellenville, NY; and

    d. Vacant lot located at 159 Cobb Road, Lee, Maine.

17. On July 6, 2009, this Court entered an Order allowing the abandonment of said property.

## D. MOTION EXPUNGING CLAIMS

18. On May 12, 2009, the debtors filed a Motion to expunge Claims relating the property that was abandoned.

19. On June 16, 2009, Provident filed opposition to the Motion.

20. On July 9, 2009, Litton Loan Servicing also filed an Opposition to said Motion.

21. Due to the efforts of this firm the debtors were able to resolve all issues raised by the motion with a minimal amount of litigation.

22. On July 13, 2009, this Court entered an Order Expunging said claims.

## FEES

23. Your Applicant has expended approximately 46.5 hours of professional time from March 17, 2009 through August 31, 2009 in the rendition of its services to the debtors. The number of hours expended by your Applicant was kept to a minimum because of the high level of expertise and experience which your Applicant brought to this matter. Counsel with lesser experience would have required countless hours of research to have enabled them to render the services which your Applicant has rendered in this highly specialized field. The following is a brief description of the experience and background of your Applicant:

> **THOMAS GENOVA (partner):** Mr. Genova has been practicing law for approximately twenty-eight (28) years. He has specialized in bankruptcy and reorganization cases as an attorney for debtors, creditors, creditors' committees, and as trustee in bankruptcy. He was a lecturer in Business Law at Marist College from 1985 to 1991; he was a speaker at the Eighth Annual Bankruptcy Law Symposium, 1987; National Business Institute Program on Successful Creditors Strategies, 1990; National Business Institute Program on Basic Bankruptcy, 1991, 1993 and 1994; National Business Institute Program on Mortgage Foreclosure, 1992; National Business Institute Program on Foreclosures and Repossession, 1993; National Business Institute Program on Advanced Real Estate Law, 1994; New York State Bar Association Seminar Basic Skills in Bankruptcy Practice,

1994; New York State Bar Association Seminar on Litigating in the Bankruptcy Court, 1996. He is a member of the Dutchess County Bar Association, New York State Bar Association, National Association of Bankruptcy Trustees and Mid-Hudson Bankruptcy Bar Association (President, 1990-1991).

**ANDREA B. MALIN (partner):** Ms. Malin has been practicing law for approximately eighteen (18) years. She was a lecturer for the Mid-Hudson Bankruptcy Bar Association in 1998 and 2008. She is a member of the New York State and American Bar Associations; Mid-Hudson Bankruptcy Bar Association (Secretary 1998-1999 and President 1999-2000) and Dutchess County Women's Bar Association. She has served on the Board of Directors of the New York State Division of Youth and the Veteran's Outreach Center. Admitted to the U.S. District Court, Southern and Northern Districts of New York, 1992.

24. Your applicants' standard time charges are as follows: $275.00 per hour for Thomas Genova's time; $275.00 per hour for Andrea B. Malin's time, $210.00 per hour for the firm's associate, and $95.00 per hour for paralegal time. Your applicant has expended approximately 24.1 hours at $275.00 per hour for partner time ($6,627.50) and 22.4 hours at $95.00 per hour of paralegal's time ($2,128.00) in this period. Utilizing these standard time charges for 46.5 hours of services rendered results in charges of $8,755.50 during said time.

25. In addition to the foregoing, your applicant seeks reimbursement for the actual and necessary expenses incurred by GENOVA & MALIN in connection with the rendition of professional services as aforesaid. Such expenses have aggregated $1,318.52. See Exhibit "B" attached hereto.

26. Your applicant believes that the allowance sought herein for services rendered and to be rendered is clearly fair and reasonable. Your applicant received a pre-petition retainer of $5,735.00.

27. No previous allowance has been made for the services rendered or expenses incurred as set forth herein. Your applicant has not, in any form or guise, shared or agreed to share

compensation to be received by any other person for services rendered in connection with this matter. No agreement or understanding prohibited by 18 U.S.C. §155 has been made by your applicant.

**WHEREFORE**, your applicant respectfully requests that the Court enter an Order allowing it compensation in the aggregate amount of $8,755.50 for professional services rendered and to be rendered by GENOVA & MALIN, allowing reimbursement for its necessary costs and expenses in the aggregate amount of $1,318.52 incurred in connection with the rendition of said services (less the pre-petition retainer payment of $5,735.00); and granting to your applicant such other and further relief as to this Court may seem just and proper.

Dated: Wappingers Falls, New York
September 15, 2009

                                        GENOVA & MALIN
                                        Attorneys for Debtors

                            By:   /s/ Andrea B. Malin
                                    ANDREA B. MALIN (AM4424)
                                    Hampton Business Center
                                    1136 Route 9
                                    Wappingers Falls, NY  12590